UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DARIAN CURTIS FRANCIS | CIVIL ACTION |
| VERSUS | NO. 21-706 |
| STATE OF LOUISIANA, ET AL. | SECTION "R" (2) |

**ORDER AND REASONS**

Before the Court is plaintiff Darian Curtis Francis's motion to remand.[1] Defendants the Louisiana Department of Public Safety and Corrections, Office of State Police, State Trooper Carl Cavalier, State Trooper Christopher Bryan, and State Trooper Larry Badeaux (the "State Defendants"), oppose the motion.[2] For the following reasons, the Court grants plaintiff's motion, and remands this case to state court.

**I.   BACKGROUND**

This case arises from a December 30, 2018 motor-vehicle accident involving plaintiff Darian Curtis Francis and defendant Brian Curole.[3] Plaintiff asserts that, as a result of the accident, he sustained damage to his

---

[1]   R. Doc. 27.
[2]   R. Doc. 29.
[3]   R. Doc. 45 ¶¶ 2, 19-20 (Second Amended Complaint).

vehicle and to his person, including bulging lumbar discs and "severe neck and back strains."[4] Plaintiff filed suit in Louisiana state court on December 30, 2019.[5] On February 17, 2021, plaintiff amended his complaint, adding a claim against the State Defendants under 42 U.S.C. § 1983.[6] On April 7, 2021, defendants removed the case to this Court on the basis of federal-question jurisdiction, under 28 U.S.C. §§ 1331 and 1343.[7]

On April 24, 2021, plaintiff moved to voluntarily dismiss "his claims for damages pursuant to the 14th Amendment of the United States Constitution and U.S. Title 42 Section 1983."[8] The Court granted plaintiff's partial voluntarily dismissal on April 26, 2021.[9] Plaintiff then moved for leave to file an amended complaint on August 25, 2021.[10] Plaintiff requested leave to amend on the basis that it was "never plaintiff's intent, in his original petition, to cite federal statutes or to invoke this Federal Court's jurisdiction over this controversy."[11] Attached to plaintiff's motion was an email from plaintiff's counsel to defense counsel stating that the "purpose of the Motion

---

[4] *Id.* ¶ 28.
[5] R. Doc. 1-2.
[6] R. Doc. 1-3.
[7] R. Doc. 1 ¶ 3.
[8] R. Doc. 7 at 1.
[9] R. Doc. 8.
[10] R. Docs. 23 & 24.
[11] R. Doc. 20-2 at 1.

[for leave to amend is] to have any references to any and all federal remedies included [i]n the plaintiff's original petition dismissed."[12]

On August 25, 2021, Magistrate Judge Donna Phillips Currault granted plaintiff leave to file his amended complaint.[13] In the amended complaint, plaintiff alleged claims under Louisiana state law and under the Louisiana state constitution.[14] But, despite his representation that he sought to exclude all references to federal law, plaintiff included, verbatim, the same federal-law allegations that he included in his prior complaint. Specifically, plaintiff maintained the following allegations against the State Defendants:

> [T]he action of the STATE OF LOUISIANA, through its employees, TROOPER CARL CAVALIER, TROOPER CHRISTOPHER BRYAN[,] and TROOPER LARRY BADEAUX, result[ed] in plaintiff's injury and property damage, [which] shocks the conscience and violates the decencies of civilized conduct under the circumstances thereby violating plaintiff's right to substantive due process under the 14th Amendment of the United States Constitution and . . . the Louisiana State Constitution. Therefore, plaintiff is entitled to damages pursuant to U.S. title 42 Section 1983 and C.C. Arts. 2315.[15]

On December 29, 2021, plaintiff filed this motion to remand on the grounds that, because his federal claims had been voluntarily dismissed, and thus only state-law claims remain, this case should be remanded to state

---

12    R. Doc. 20-1 at 10.
13    R. Doc. 23.
14    R. Doc. 24 ¶ 29.
15    *Id.* ¶ 24.

3

court.[16] Defendants oppose plaintiff's motion, arguing that the operative complaint at the time included plaintiff's substantive due-process claim asserted under the Fourteenth Amendment, and his related claim for damages under 42 U.S.C. § 1983.[17] This Court ordered plaintiff to file a reply to defendants' opposition to remand indicating whether plaintiff seeks to maintain his federal cause of action, or whether he would seek to amend his complaint to remove the federal claims.[18]

On March 25, 2022, plaintiff moved for leave to file a second amended complaint, representing that he had "neglected to eliminate" from his previous amended complaint his federal causes of action against the State Defendants, despite his "intention to eliminate any and all federal claims from his petition."[19] On April 7, 2022, Magistrate Judge Donna Phillips Currault again granted plaintiff leave to file his second amended complaint, permitting plaintiff to "remove one paragraph mistakenly left in the petition when he amended to make clear that he did not intend to assert any federal causes of action."[20] In plaintiff's most recent complaint, he has removed his

---

16     R. Doc. 27 at 1.
17     R. Doc. 29 at 4.
18     R. Doc. 35 at 4.
19     R. Doc. 38 at 1-2.
20     R. Doc. 43.

federal-law claims.[21] Accordingly, plaintiff requests that the Court decline to exercise supplemental jurisdiction over his remaining state-law claims and remand the case to state court.[22]

The Court considers the parties' arguments below.

## II.  LEGAL STANDARD

A defendant may remove a civil action filed in state court if a federal court would have original jurisdiction over the suit. 28 U.S.C. § 1441(a). The removing party bears the burden of showing that federal jurisdiction exists. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) ("[I]t is well settled that the removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists." (citing *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 253-54 (5th Cir. 1961))).

Federal courts have jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Whether a claim arises federal law must be determined by referring to the "well-pleaded complaint." *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 8808 (1986) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation*

---

[21]  R. Doc. 45 (Second Amended Complaint).
[22]  R. Doc. 27-1 at 2.

5

*Trust*, 463 U.S. 1, 9-10 (1983)); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). This means that the federal question must appear on the face of the complaint. *Torres v. S. Peru Copper Corp.*, 113 F.3d 540, 542 (5th Cir. 1997).

Under 28 U.S.C. § 1367(c)(3), when federal-law claims that serve as the basis of subject matter jurisdiction are dismissed, and only state-law claims based on supplemental jurisdiction remain, a district court has broad discretion to remand the state-law claims. *See Brown v. Sw. Bell Tel. Co.*, 901 F.2d 1250, 1254 (5th Cir. 1990) ("[W]hen there is a subsequent narrowing of the issues such that the federal claims are eliminated and only pendent state claims remain, federal jurisdiction is not extinguished, [and] the decision as to whether to retain the pendent claims lies within the sound discretion of the district court.") In deciding whether to remand the remaining state-law claims, courts must "analyze the statutory and common law factors that are relevant to the question of its jurisdiction over pendant state law claims." *Enochs v. Lampasas Cnty.*, 641 F.3d 155, 158-59 (5th Cir. 2011). The relevant statutory factors are those found in section 1367, including "(1) whether the state claims raise novel or complex issues of state law; (2) whether the state claims substantially predominate over the federal claims; (3) whether the federal claims have been dismissed; and (4) whether

6

there are exceptional circumstances or other compelling reasons for declining jurisdiction." *Id.* (citing 28 U.S.C. § 1367(c)). The common law factors include judicial economy, convenience, fairness, and comity. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988). Courts should also take "into account" whether the plaintiff has attempted to manipulate the forum. *Id.* at 357. The "general rule" is for courts to decline to exercise jurisdiction over remaining state-law claims when all federal claims have been dismissed prior to trial. *Smith v. Amedisys Inc.*, 298 F.3d 434, 446-47 (5th Cir. 2002).

### III. DISCUSSION

Here, the Court finds that the balance of the relevant factors weighs in favor of remanding the state-law claims. As to the statutory factors, the Court finds that the State Defendants' invocation of numerous types of immunity under various Louisiana statutes raises complex issues of state law. Specifically, the State Defendants assert that they are entitled to immunity under (1) Louisiana Revised Statute section 9:2798.1, which provides immunity to for public entities and their employees for discretionary functions, (2) Louisiana Revised Statute section 9:2793.1, which provides immunity for public entities and their employees responding

7

to public emergencies, and (3) Louisiana Revised Statute section 32:24, which provides immunity for drivers of authorized emergency vehicles.[23] Such state-law immunity defenses, which involve interpretations of state law and issues of state importance, weigh in favor of remand. *See Watson v. City of Allen*, 821 F.3d 634, 642 (5th Cir. 2016) (holding that the presence of novel or complex state-law questions weighs "dramatically in favor of remand" when a "lawsuit touches on multiple issues of state importance while impacting no federal policy"); *Arrington v. City of Raleigh*, 369 F. App'x 420, 423 (4th Cir. 2010) (per curiam) (holding that the court below erred by exercising jurisdiction over state-law claims that involved complex state-law immunity issues).

Moreover, in light of plaintiff's second amended complaint, there is no dispute that the remaining claims in this case involve only issues of state law. Specifically, plaintiff now asserts causes of action only under the Louisiana State Constitution against the State Defendants. Thus, plaintiff's state-law claims "predominate over the non-existent federal claims." *See Hicks v. Austin Indep. Sch. Dist.*, 564 F. App'x 747, 749 (5th Cir. 2014) (per curiam) (finding that the state-law claims predominated after "the district court dismissed the sole federal claim when it allowed [plaintiff] to amend her

---

[23]   R. Doc. 49 at 10-11 (citing La. R.S. §§ 32:24, 9:2793.1, and 9:2798.1).

complaint"). Accordingly, the statutory factors here weigh in favor of remand.

Turning to the common-law factors, the Court finds that these too weigh in favor of remand. *See Carnegie-Mellon Univ.*, 484 U.S. at 350 n.7 ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of the factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims.").

As to judicial economy, the Court finds this factor to be neutral. Although this case has been pending in federal court for over a year and is not in its infancy, "at the time the federal claims were deleted[,] hardly any federal judicial resources, let alone a significant amount of resources, ha[ve] been devoted to the . . . consideration of the . . . state law claims." *Enochs*, 641 F.3d at 159. The limited motion practice in this case has mainly consisted of plaintiff's unopposed efforts to amend his complaint to delete his federal-law claims.[24] And to the extent that the Court has considered the merits of the case, only one defendant has moved for summary judgment, and the motion was based on narrow grounds involving the terms of an insurance

---

[24] *See* R. Doc. 20, 24, & 38.

policy. The Court granted the motion in a relatively brief Order and Reasons. Accordingly, despite that this case is in the later stages of litigation, this Court lacks "familiarity" with the merits of Francis's claims, and there is thus no indication that "further proceedings in [this] court would prevent redundancy and conserve scarce judicial resources." *Contra Batiste v. Island Recs. Inc.*, 179 F.3d 217, 228 (5th Cir. 1999) (finding that the district court erred by not retaining jurisdiction where the case had "produced more than sixteen volumes of record over the course of three years, numerous depositions and discovery disputes, and significant consideration by the district court of multiple motions to dismiss claims or grant summary judgment").

The parties have not raised any arguments about the convenience of litigating this case in the Thirty-Second Judicial District Court for the Parish of Terrebonne. The Court does note that many of the parties are domiciled in Terrebonne Parish, and that the accident happened in Terrebonne Parish,[25] both of which suggest that the convenience factor is neutral, if not slightly in favor of remand. Considerations of fairness further support remanding this case given that it is "certainly fair to have . . . purely [Louisiana] state law claims heard in [Louisiana] state court." *Enochs*, 641

---

[25] R. Doc. 45 ¶¶ 1-2 (Second Amended Complaint).

F.3d at 160. Similarly, comity considerations also favor remand. As cautioned by the Supreme Court, federal courts should avoid "[n]eedless decisions of state law . . . both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). Additionally, Louisiana has a significant interest in resolving issues of state law that involve claims against its State Troopers and the Louisiana Department of Public Safety and Corrections, Office of State Police. *See Thompson v. New Orleans Ctr. for Creative Arts*, No. 17-17551, 2018 WL 2296993, at *2 (E.D. La. May 21, 2018) ("Louisiana state court has a significant interest in resolving issues of state law involving a state-run institution.").

Finally, the Court must also take into account whether the plaintiff has engaged in forum manipulation. To the extent that plaintiff engaged in forum manipulation by amending his complaint to remove his federal law causes of action, the Fifth Circuit has held that a "motion to amend [a] complaint to delete the federal claims is not a particularly egregious form of forum manipulation, if it is manipulation at all." *See Enochs*, 641 F.3d at 160 (reversing the district court's denial of remand after plaintiff filed an

11

unopposed motion to amend the complaint to remove his federal section 1983 and 1985 claims).

In sum, because both the statutory and common-law factors favor remand, and because no federal claims remain, this Court declines to exercise jurisdiction over plaintiff's remaining state-law claims. The motion to remand is granted.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS plaintiff's motion to remand. This case is REMANDED to the Thirty-Second Judicial District Court for the Parish of Terrebonne.

New Orleans, Louisiana, this __18th__ day of April, 2022.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE